## CAPITAL TRANSIT CO. v. WEBB.

### No. 8495.

United States Court of Appeals
District of Columbia.

Argued April 5, 1944.

Decided May 1, 1944.

Mr. H. W. Kelly, of Washington, D. C., with whom Mr. R. E. Lee Goff, of Washington, D. C., was on the brief, for appellant. Mr. S. R. Bowen, of Washington, D. C., also entered an appearance for appellant.

Mr. Henry L. Lyman, of Washington, D. C., with whom Mr. Albert Lyman, of Washington, D. C., was on the brief, for appellee. Mr. Albert A. Stern, of Washington, D. C., also entered an appearance for appellee.

Before GRONER, Chief Justice, and MILLER and ARNOLD, Associate Justices.

PER CURIAM.

The defendant owned and maintained a waiting room at the end of its Georgia Avenue street railway line. At the entrance there was a step about four inches high which was flush with the outside of the building. The door opened outward over the step. The step projected from the bottom of the door only about an inch and a quarter.

Plaintiff was injured by falling over the step as she entered the waiting room. The negligence charged was that the step was of such a height and color, and the door was so placed, that the step could not easily be seen. A structural steel engineer testified as an expert that the construction of the step was hazardous because there was not enough line of demarcation between the bottom of the door and the step to call attention to the fact that the step was there. Other witnesses testified that they had seen persons stumble over the step. The jury brought in a verdict for the plaintiff, and this is an appeal from a judgment on that verdict.

Appellant contends that both the expert evidence of negligent construction and the evidence of the witnesses who saw other persons stumble over the step was improperly admitted. It also claims that the entire record shows contributory negligence on the part of the plaintiff.

■ We believe that the evidence was admissible. With respect to the sufficiency of the evidence the case is a very close one. However, in the light of the whole record we do not believe the verdict of the jury should be set aside.

The judgment of the court below will be
Affirmed.